(Ashland County Common Pleas.)

W. G. PENGELLY v. COMMISSIONERS OF ASHLAND COUNTY.

C. M. VORCE v. SAME.

FRANCIS B. COURTNEY v. SAME.

---

Witnesses who are subsequently subpoenaed by the state to testify as experts in the trial of

one charged with a felony, are not entitled to compensation for their time and services out of the county treasury, in addition to the statutory per diem fees and mileage.

Neither the prosecuting attorney nor the commissioners of the county have authority to make an agreement that will bind the county to pay expert witnesses extra compensation for their time and services.

---

WICKHAM, J.

Prior to November, 1900, at a term of the court of common pleas of Ashland county, the grand jury returned an indictment against one L. Greenewald charging him with the forgery of a will. Greenewald made an application for a change of venue, which was granted, and the case was sent to Richland county for trial, and was tried in the court of common pleas of that county in November, 1900.

Before the case came on for trial the prosecuting attorney of Ashland county conferred with the resident judge of the common pleas court, and others ,and it was decided that it would be necessary for the state to have testimony of witnesses who were experts in handwriting as the state's case depended upon the question whether the testator's signature and the signatures of the subscribing witnesses to the will was forged. Thereupon the prosecuting attorney opened a correspondence with the claimants, Pengelly, Vorce and Courtney. The result of the corespondence was an agreement on the part of the prosecutor with the claimants that they should be paid extra compensation at the rate of twenty-five dollars per day for the time spent in attendance at court during the trial of the case. The claimants attended the trial of the case of the State of Ohio v. Greenewald and testified as witnesses in the case and drew their statutory per diem fees and mileage, and afterward each presented his claim to the county commissioners of Ashland county for compensation as expert witnesses at the rate of twenty-five dollars per day for the time and also the charge for the examination of documents and opinions given. Each claim was approved by the prosecuting attorney of Ashland county, but the commissioners on February 4. 1901, in writing rejected each and all of the claims.

Thereupon the claimants took an appeal to the court of comon pleas of Ashland county. The common pleas judges of the second subdivision being disqualified to sit in the case it was brought to Knox county for hearing and submitted to the court in that county on the papers in the case and the evidence.

The facts as disclosed by the evidence are substantially as I have stated, and there is no dispute or contention between counsel for the claimants and the commissioners as to the facts. The question is purely a question of law whether Ashland county is liable to the claimants for compensation as expert witnesses when subpoenaed by the state in a criminal proscution of a defendant charged with a felony. No authorities are cited by counsel for or against the claimants, and I have been unable to find any case in this state in which the question has been decided. What the custom has been in other counties of this state in such cases I do not know, nor is it material. Custom in such cases would not make law.

The authority for the payment of such claims out of the county treasury must be statutory, and there is no such statutory authority. The only fees allowed to witnesses for attendance in court are the per diem fees and mileage that are allowed to all persons subpoenaed by the state to testify, whether they testify to facts within their knowledge or give opinions as expert witnesses, and for the court to hold in this case that the claimants are entitled to the sums of money they claim out of the county treasury would be nothing short of judicial legislation.

It may be hardship to a person whose time is more valuable to him than the sum of money allowed by the statute as fees to attend court and testify as a witness in a case, but sometimes hardships must be endured for the good of society generally. All persons as good citizens have an interest in the prosecution of crime, and as such citizens they, are required to sacrifice their pecuniary interests to some extent in the interest of the administration of justice. Such is the case when men are required to perform jury service, or are subpoenaed as witnesses in criminal cases.

If it is claimed that it is a hardship for the state to compel scientists and others, whose time is very valuable. to attend court and testify as expert witnesses for the trifling compensation allowed by the statute, the remedy is to be had by an appeal to the legislature.

We are of the opinion and hold that no agreement made by the prosecuting attorney or by the commissioners of the county would be binding on the county and authorize the allowance of the claims in this case to be paid out of the county treasury. A judgment may be entered in accordance with the views expessed in this opinion and for the defendants for costs.